IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-21-2-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOSE LUIS QUIROZ, | ) | |

This matter is before the Court on defendant's motion for sequestration of government witnesses [DE 88], motion for disclosure of all 404(b) evidence [DE 89], motion for discovery of favorable evidence [DE 90], motion to disclose promises and inducements [DE 91], motion to disclose prior records of government witnesses [DE 92], motion for leave to file further motions [DE 93], motion for early release of Jencks material [DE 94], and motion for disclosure of witness statements without redaction of their identity. [DE 95]. The government has responded to the motions and they are ripe for ruling.

BACKGROUND

Defendant has been indicted for conspiracy to distribute and possess with intent to distribute a quantity of cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant's arraignment is currently set for the Court's November 2016 term.

DISCUSSION

Defendant's motion for sequestration of the government's witnesses is unopposed and is GRANTED. *See* Fed. R. Crim. P. 615. The government further does not oppose defendant's motion to file further pretrial motions relating to any future newly disclosed discovery or

clarified evidence. This motion is DENIED WITHOUT PREJUDICE. Defendant shall seek leave of Court should he determine that further pretrial motions are necessary.

In regard to the remaining motions, the government is already obligated to disclose to defendant and his counsel all favorable evidence and the existence of any payments, promises, plea agreements, immunity, leniency, or preferential treatment made to prospective witnesses in this case pursuant to the Due Process Clause of the Fifth Amendment, *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). "The district court may not require the government to produce Jencks Act material relating to one of its witnesses until *after* the witness has testified," but early disclosures by the government are encouraged. *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). The government has stated that it is aware of its continuing obligations under Rule 16 of the Federal Rules of Criminal Procedure. Defendant's request for such evidence is noted, but defendant's motion gives no indication that the government has failed to meet its obligations here. In fact, it appears that defendant has not served the government with any discovery requests which have been denied by the government. Accordingly, a court order is unnecessary at this time.

## CONCLUSION

For the foregoing reasons, defendant's motion for sequestration of government witnesses [DE 88] is GRANTED. Defendant's motion for disclosure of all 404(b) evidence [DE 89], motion for discovery of favorable evidence [DE 90], motion to disclose promises and inducements [DE 91], motion to disclose prior records of government witnesses [DE 92], motion for leave to file further motions [DE 93], motion for early release of Jencks material [DE 94], and motion for disclosure of witness statements without redaction of their identity [DE 95] are

2
Case 7:16-cr-00021-BO   Document 101   Filed 11/21/16   Page 2 of 3

DENIED WITHOUT PREJUDICE subject to refiling should Court intervention or further motions practice become necessary.

The arraignment in this matter is hereby CONTINUED to the Court's December term. Any delay that results from this continuance is excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial.

SO ORDERED, this __18__ day of November, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE